GARY S. ROSE #83744
FLYNN, ROSE & PERKINS
59 North Santa Cruz Avenue, Suite Q
Los Gatos, California 95030
(408) 399-4566
gsroselaw@hotmail.com

Attorneys for Plaintiff
GEGA SAENZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEGA SAENZ,                        )    **Case No.  C08-01205 EMC**
                                   )
            Plaintiff,             )
                                   )
vs.                                )    JOINT CASE MANAGEMENT STATEMENT
                                   )
LIBERTY MUTUAL FIRE INSURANCE      )
COMPANY, and DOES 1 through 20,    )
inclusive                          )
                                   )
            Defendants.            )
                                   )
                                   )
_____   )

      Pursuant to Federal Rule of Civil Procedure 26(f) and Civil L.R. 16-9(a). the parties submit this Joint Case Management Statement with respect to the Case Management Conference set for June 4, 2008, and request that the Court adopt it as the Case Management Order.

      1.    **<u>Jurisdiction and Service</u>**

      Plaintiff filed this action on January 17, 2008 in Alameda County Superior Court.  On or about February 28, 2008 Liberty Mutual removed this matter to Federal Court.

      Plaintiff is a resident of California, and Defendant alleges that it is a resident of the Commonwealth of Massachusetts with its principal place of business in Massachusetts.

      The amount in controversy exceeds $75,000 exclusive of interest and costs and all parties have been served.

/////

JOINT CASE MANAGEMENT STATEMENT
Page 1

2.    **Facts:**

Liberty issued a policy of property insurance covering a duplex owned by Mrs. Saenz, which was in effect on or about July 31, 2006.  At that time, Plaintiff inspected a unit which was being vacated by the tenants, and discovered evidence of water damage to both the upstairs and downstairs components of the duplex.   She reported the claim to Liberty, which, after investigation, concluded that the loss was not covered.

Plaintiff contended in a series of letters, meetings and discussions with Liberty, including opinions and evidence offered by her son-in-law, a licensed general contractor with years of experience in water restoration, that the only plausible explanation for the observed damages was sudden and accidental discharge of water from within a plumbing system, which is covered under her policy.  Liberty confirmed its original denial, after taking Plaintiff's Examination Under Oath, on December 3, 2007, and this lawsuit followed.

3.    **Legal Issues:**

One or more parties contends the following legal issues are in dispute

a.      Whether Liberty breached the policy; and

b.      Whether Liberty breached the implied covenant of good faith and fair dealing.

4.    **Motions:**

Plaintiff may file a Motion for Summary Adjudication on the issue of causation, and Liberty may file a Motion for Summary Judgment.

5.    **Amendment of Pleadings:**

The parties do not anticipate amending the pleadings at this time.

6.    **Evidence Preservation:**

The parties have taken appropriate steps to ensure the preservation of evidence.

7.    **Disclosures**:

The parties will serve their initial disclosures on or before June 4, 2008.

8.    **Discovery**:

The parties plan to conduct discovery regarding all allegations in the Complaint.   The parties anticipate propounding written discovery and deposing the parties and other relevant

witnesses.  The parties do not believe any modifications to the Federal Rules is necessary at this time.

9.    **Class Actions:**

This matter is not a class action nor has any potential to become a class action.

10.    **Related Cases:**

There are none.

11.    **Relief:**

Plaintiff's Statement

Plaintiff seeks monetary damages for the alleged breach of contract and insurance bad faith, including repair costs, investigation costs, rental loss and attorney's fees permitted under Brandt v. Superior Court.

Defendant's Statement

Liberty is not seeking any relief.

12.    **Settlement and ADR:**

The parties have agreed to participate in Mediation, and filed an ADR Stipulation to that effect on or about May 15, 2008.

13.    **Consent to Magistrate:**

Neither party has filed an objection to the assignment of this matter to Magistrate Edward Chen.

14.    **Other References:**

The parties do not believe that any other references are necessary at this time.

15.    **Narrowing of Issues:**

The parties believe it is premature to narrow the issues through stipulation at this time. However, as discovery progresses, the parties will re-evaluate this issue.

16.    **Expedited Schedule:**

This case is not one that would justify expedited handling with streamline procedures.

17.    **Scheduling:**

The parties do not believe this case should be handled on an expedited basis.  The parties

propose the following schedule for discovery, motions and trial.

| | |
|---|---|
| Exchange of Initial Disclosures | June 4, 2008 |
| Expert Disclosure | December 5, 2008 |
| Rebuttal Disclosure | December 19, 2008 |
| Non-Expert Discovery Cut-Off | December 19, 2008 |
| Expert Discovery Cut-Off | January 16, 2009 |
| Dispositive Pre-Trial Motion Filing Cut-Off | February 11, 2009 |
| Dispositive Pre-Trial Motion Hearing Cut-Off | March 25, 2009 |
| Pretrial Conference Statement Filing | April 25, 2009 |
| Pretrial Conference | April 29, 2009 |

18. **Trial:**

The Plaintiff has requested a jury trial and the parties have agreed to a trial date on May 18, 2009.

19. **Disclosure of Non-Party Interested Entities or Persons**:

Plaintiff is not aware of any interested parties required to be disclosed pursuant to Northern District Local Rule 3-16.  Liberty Mutual is not aware of any interested parties required to be disclosed pursuant to Northern District Local Rule 3-16.

20. **Other Matters**:

The parties at this time do not believe there are other factors that would facilitate the just speedy and/or inexpensive disposition of this matter.

FILER'S ATTESTATION:

Pursuant to General Order No. 45, section X(B) regarding signatures, counsel for Plaintiff attests under penalty of perjury that the concurrence in the filing of this document has been obtained from its signatories.

DATE: <u>May 28, 2008</u>                    By <u>   /s/  *Gary S. Rose*</u>
                                                    Gary S. Rose

JOINT CASE MANAGEMENT STATEMENT
Page 4

1                                                   Respectfully Submitted,

2      DATE: May 28, 2008              FLYNN, ROSE & PERKINS

3

4                                          By /s/  *Gary S. Rose*

5                                            GARY S. ROSE
                                            Attorney for Plaintiff

6                                            GEGA SAENZ

7      DATE: May 28, 2008              McCURDY &  FULLER LLP

8

9                                          By   /s/ *Kevin G. McCurdy*

10                                         KEVIN G. McCURDY
                                          Attorney for Defendant

11                                          LIBERTY MUTUAL

12

13

14

## [PROPOSED] CASE MANAGEMENT ORDER

      The Case Management Statement and Proposed Order is herby adopted by the Court s the

Case Management Order for the case and the parties are ordered to comply with this Order.

      In addition, the Court orders:

      DATE:  May   , 2008             _____
                                      Honorable Edward M. Chen